## WILLIAM H. SHORT *v.* NAOMI SHORT.

*Husband and Wife—Suit for Alimony—Abandonment by Wife —Cruelty—Abuse of Marital Rights.*

Legal cruelty is such conduct on the husband's part as will endanger the life, person or health of the wife, or will cause reasonable apprehension of bodily suffering; it must be such conduct as to render cohabitation physically unsafe to a degree justifying a refusal to continue it. p. 446

Marital neglect, indifference, a failure to provide freely in dress or conveniences, sallies of passion, harshness, rudeness, and the use of profane and abusive language towards the wife, do not constitute legal cruelty, if not in manner and degree endangering her personal security or health. p. 446

Testimony by the wife that she was afraid of her husband, not however supported by her actions, and without any evidence of a rational basis for the existence of such fear, did not justify a decree for separation and alimony on the ground of cruelty. p. 446

The mere unhappiness of one spouse in living with the other is not a ground of divorce. p. 447

A wife cannot justify a failure to return to her husband on the ground that she will not resume marital connection, though if he abuse his right to such connection to an extent injurious to health, and there is a reasonable apprehension that he would

do so on her return to him, the law will not require her to resume her marital duties and will grant a divorce *a mensa el thoro* for cruelty. . p. 447

The husband's obligation to maintain and care for his wife remains when their separation is due to her mental disorder, but his liability in this regard is enforcible otherwise than by a divorce proceeding. p. 448

*Decided November 12th, 1926.*

Appeal from the Circuit Court for Allegany County, In Equity (DOUB, J.).

Bill by Naomi Short against William H. Short for alimony. From a decree for plaintiff, defendant appeals. Reversed.

The cause was submitted on brief to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*George W. Legge, Jr.,* for the appellant.

PARKE, J., delivered the opinion of the Court.

William H. Short, appellant, and Naomi Short, his wife, appellee, were married on January 30th, 1901, and they lived together for twenty-three years, when the wife left her husband for a period of two months, and then returned to him at their home in Cumberland, where she remained until January, 1926, when she left. In the bill of complaint the wife alleged that the cruel treatment of her husband had impaired her health and rendered it impossible for her to continue to live with him. The relief she sought was alimony and a right to live separate and apart from her husband. The husband's answer denied the cruelty and asserted that she had abandoned him without cause. The testimony was taken before the chancellor, who passed a decree adjudging the wife entitled to live separate and apart

from her husband, and awarding to the wife permanent alimony.

The testimony of the wife was not corroborated in any material particular, and its own inherent improbability and legal insufficiency scarcely needed the denial of the husband and of the other witnesses who testified. The evidence did not establish that the husband's conduct constituted cruelty of treatment, which must exist in its technical sense. Legal cruelty must be such conduct on the part of the husband as will endanger the life, person, or health of the wife, or will cause reasonable apprehension of bodily suffering. It should be of such a nature as to render cohabitation physically unsafe to a degree justifying a refusal to continue it. Marital neglect, indifference, a failure to provide as freely as the wife may desire in dress or in conveniences, sallies of passion, harshness, rudeness, and the use of profane and abusive language towards her, are not sufficient, if not in manner and degree endangering her personal security or health. *Childs v. Childs,* 49 Md. 514; *Hawkins v. Hawkins,* 65 Md. 108; *Bounds v. Bounds,* 135 Md. 220.

The evidence is too slight to afford any ground for the conclusion that physical violence was either used or threatened. The wife's professed fear of her husband is wholly irrational. Nor is there any credible proof that the wife's mental or physical condition was attributable to the misconduct of the husband. It is true that the wife testified that she was afraid of her husband, but her actions did not indicate it, and her own and the other testimony on this point does not disclose any rational basis for the existence of this alleged fear. Nor is there any credible proof that the wife's mental or physical condition is attributable to the misconduct of the husband. On the contrary, the doctors assign her highly nervous and irritable state, the dislike of her husband, and the clearly ungrounded fear of him, to an imaginative condition induced by a premature functional change, resulting from a surgical operation.

The wife, however, insists that the alimony awarded should stand because of her contention that her mental and physical condition were such that she could not resume marital connection and that she could not be happy unless living apart from her husband. The difficulty with this view is that mere unhappiness of one spouse is not a ground of divorce. 1 *Bishop on Marriage and Divorce,* secs. 1537-1540. Chancery has no scales to weigh the relative happiness of a woman married and divorced. And further, a wife can not justify a failure to return to her husband on the ground she will not resume marital connection. The husband may require his wife to submit to his embraces, but if he abuse his right to her person to an extent injurious to her health, and there is a reasonable apprehension that he would continue if she would return to him, the law would not require her to resume her marital duties and would grant her a divorce *a mensa et thoro* for cruelty. *Fleegle v. Fleegle,* 136 Md. 630, 634, 635; *Roth v. Roth,* 145 Md. 74, 83-85; *Klein v. Klein,* 146 Md. 27, 33; *Ruckle v. Ruckle,* 141 Md. 207, 213. In the case under consideration, the clear and uncontradicted proof of the physician is that the wife's health will not be affected by living with her husband as his wife.

Furthermore, the husband testified, without any denial, that he had not been permitted marital intercourse with his wife for two years, and that for one year before their separation they had occupied separate rooms. Nor is there any evidence that during this period he had ever attempted to subdue his wife to his embrace. The immediate cause assigned by the wife for her departure from home was the husband's insistence that, as it was necessary for him to pass through either his wife's or his daughter-in-law's bedroom to go to the bath room, it was his right to choose the way through his wife's room. The evidence having plainly failed to establish cruelty of treatment, there was no sufficient ground for the divorce or alimony. *Polley v. Polley,* 128 Md. 60, 62-63; *Mann v. Mann,* 144 Md. 518, 523; *Hoffhines*

*v. Hoffhines,* 146 Md. 350, 352; *Silverberg v. Silverberg,* 148 Md. 682, 691; *Oertel v. Oertel,* 145 Md. 177, 185.

The husband is a coal dealer in a small way, with a narrow income and his property heavily encumbered. Of the four children born to the couple, their married son survives, and he and his wife live in the home of his parents. The appellant and appellee are about the same age, and they have been married over twenty-five years. It was twenty-three years when the wife first interrupted their union by leaving her husband for a few weeks. She returned, and stayed with him for about a year, when she left for no substantial reason, and there is now no adequate ground disclosed for her to remain away when by returning she will not only be restored to her conjugal rights, but also fully protected in their enjoyment, and she will not be prejudiced in any of her rights, if her leaving and remaining away from her home were due to mental aberration. It may be added that the husband's obligation to maintain and care for his wife remains, if their separation is due to her mental disorder, and that his liability in regard to the care and support of his wife is enforceable otherwise than by a divorce proceeding.

For the reasons given in this opinion we are constrained to reverse the decree below and to dismiss the bill of complaint.

> *Decree reversed and bill dismissed, with costs to be paid by the appellant.*