IVA M. PROUDFOOT *v.* FLOYD H. PROUDFOOT.
[No. 18, January Term, 1928.]

*Decided April 3rd, 1928.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*George W. Legge, Jr.,* and *Thomas L. Richards,* for the appellant.

*Finley C. Hendricksen* and *George Henderson,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The wife and appellant, Iva M. Proudfoot, first filed a bill of complaint for an absolute divorce from her husband and appellee, Floyd H. Proudfoot, on the ground of adultery. She also alleged cruelty. Code, art. 16, sec. 39. The answer of the husband denied the wife's charges, and retaliated with a cross-bill in which he accused her of infidelity and cruelty. The wife's answer set up the falsity of these accusations, and, the parties being at issue on both bills, they took testimony before the chancellor in open court. The husband dismissed his bill of complaint, and the chancellor dismissed the wife's on the ground that she had failed to prove her case, and the present appeal of the wife is from this decree.

There is no question of law involved in this cause, but the controversy is an issue of fact, with not only the usual burden of proof resting upon the wife as plaintiff, but also the further statutory requirement that her own testimony should be corroborated. Code, art. 35, sec. 4; *Oertel v. Oertel,* 145 Md. 177, 185; *Barnett v. Barnett,* 144 Md. 189, 190. The testimony has been carefully read and weighed, and leaves no doubt that the decree dismissing the wife's bill of complaint was made inevitable in the exercise of a sound, informed, and impartial judicial judgment. Between the wife and the husband there was crimination and recrimination. The wife's attempt to establish specific acts of infidelity must fail for lack of any corroboration of her testimony. In fact, no one supported her testimony and the alleged co-respondents, as well as the husband, testified in denial of her accusations, which, as related, were inherently improbable. Further-

more, whatever the husband's guilt, it was condoned by the wife's enjoyment of the marital bed, with knowledge of her husband's alleged adultery, until their separation in January, 1927, after a trivial dispute and fight over the possession of a book.

The testimony shows the pair to have been jealous of each other, and the peace of their home broken by unseemly accusations, quarreling, and occasional blows. It was in January, 1927, that they parted, after a fight which left the wife with several marks or bumps on the head, and the husband with a broken shoulder bone which was caused by his wife's competent use of a poker. The chancellor, who had an opportunity to compare their relative physical prowess, sums up the situation rather favorably to the wife when he wrote in his opinion: "Although the husband was to blame for beginning the encounter, the wife, a large, muscular woman, seems to have taken good care of herself, and it is hard to tell which one was most seriously injured as a result of the encounter." While the conduct of the husband was reprehensible, so was that of the wife, and where the coarse, foul, and abusive language and slight physical violence of the husband is met and countered by the wife so as to put their conduct on a parity, without causing continued cohabitation to endanger her personal security or health, a divorce may not be granted on the ground of legal cruelty. *McKane v. McKane,* 152 Md. 515; *Short v. Short,* 151 Md. 444.

In *McCabe v. Brosenne,* 107 Md. 490, 496, it is stated that "this court has repeatedly said that where the question involved is one depending entirely upon the evidence, no good result can possibly arise from a mere recapitulation of the evidence. It is enough for the court to announce the conclusion it arrives at" (citing *Stirling v. Stirling,* 64 Md. 138; *Moore v. McDonald,* 68 Md. 321; *Hiss v. Weik,* 78 Md. 439), but that "this rule is more honored in the breach than in the observance." So, thus admonished, we shall not indulge in any further analysis of the testimony, but record our full concurrence with the admirable opinion and the decree of the chancellor.

*Decree affirmed, with costs to the appellee.*